UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPRA NATIONAL EXPRESS, INC, <br><br> Plaintiff, <br><br> v. <br><br> PENSKE TRUCK LEASING CO., L.P. et al., <br><br> Defendants. | Case No. 2:24-cv-01593-SB-KS <br><br> ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION |

    Plaintiff Supra National Express, Inc., filed this action in the Los Angeles Superior Court on January 24, 2024. Defendant Penske Truck Leasing Co., L.P., removed the case on February 27 based solely on diversity. Dkt. No. 1.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

    A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In its notice of removal, Penske identified itself as an LLC, bearing the citizenship of its underlying members in Delaware, Pennsylvania, Michigan, and Japan. Dkt. No. 1 ¶¶ 12–15. Plaintiff Supra National is a citizen of California. *Id.* ¶ 9. The complaint names two individual defendants, Christopher Wilson and Junior Castro, who are alleged to be California citizens. Dkt. No. 1-2 ¶¶ 13–14. Their citizenship, if considered by the Court, would destroy diversity and divest the Court of subject-matter jurisdiction.

In its notice of removal, Penske claims that the citizenship of Wilson and Castro should be ignored for two reasons: first, because they have not yet been served, citing the text of 28 U.S.C. § 1441(b)(2) (the "forum-defendant rule"); and second, because they are "sham" defendants who have been fraudulently joined. The first argument fails as a matter of law. While an unserved defendant cannot trigger the forum-defendant rule, *see Harrison v. Sonesta International Hotels Corp.*, No. 2:23-cv-4867-SB, 2023 WL 5351873 at *2–3 (C.D. Cal. Aug. 18, 2023), service has no bearing on whether the parties are diverse for purposes of § 1332(a), *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969).

As to the second argument, Penske includes a few paragraphs in its notice of removal briefly explaining its contention that Wilson and Castro are sham defendants whose citizenship must be disregarded. On this record, without having heard from Supra National, the Court is not prepared to dismiss Wilson and Castro and assume jurisdiction over this case. *See Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009) ("Analytically, a fraudulent joinder finding compels dismissal of the 'sham defendants.'"). Accordingly, Penske is ORDERED to show cause in writing by March 12, 2024, why the Court has jurisdiction over this case. If Supra National opposes dismissal of its claims against Wilson and Castro, it shall file a reply to Penske's response no later than March 19. The parties should be prepared to address the issue at the mandatory scheduling conference set for March 29.

Date: March 5, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge